Opinion issued October
13, 2011

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

              

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-11-00663-CR

____________

 

WILLIE LEA WRIGHT,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 

 
 
 



On Appeal from the 337th District Court 

Harris County, Texas

Trial Court Cause No. 578264

 


 

 
 
 



MEMORANDUM OPINION








          In November 13, 1991, appellant
Willie Lea Wright was convicted of the offense of felony theft of
property.  He did not appeal his
conviction at that time.  On July 18,
2011, appellant, proceeding pro se, filed a document purporting to be a notice
of appeal. 

          Under
the Texas Rules of Appellate Procedure, a notice of appeal was due on or before
December 13, 1991.  See Tex. R. App. P.
26.2(a).[1]
 Appellant filed his notice of appeal
twenty years later, on July 18, 2011. 

          A
notice of appeal that complies with the Rules of Appellate Procedure is
essential to vest this court with jurisdiction.  See Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  The court of criminal appeals has expressly
held that, without a timely filed notice of appeal or motion for extension of
time, we cannot exercise jurisdiction over an appeal.  See Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996); see also Slaton,
981 S.W.2d at 210.

          Accordingly,
because we lack jurisdiction over the appeal, we dismiss.  See Tex. R. App. P. 25.2(d), 42.3(a),
43.2(f).  All pending motions are
dismissed as moot.[2]

PER CURIAM

Panel consists of Justices Keyes,
Higley, and Massengale. 

Do not publish.   Tex.
R. App. P. 47.2(b).











[1]
             The
same deadlines applied under former Rule 41(b)(1), which was applicable at the
time of appellant’s conviction.





[2]          To the
degree that appellant seeks a copy of his trial court records pertaining to his
1991 conviction, that conviction was never appealed to this Court and this
Court does not maintain those records.